UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * |
| v. | *   CR. NO. 06-228-03(ESH) |
| | * |
| | * |
| ANNA BOLING | * |

*****************************************

### DEFENDANT ANNA BOLING'S MOTION FOR SEVERANCE AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

 Defendant Anna Boling, by and through her attorney, Joanne Roney Hepworth, respectfully moves the Court to sever her case from her codefendants' in the indictment herein, in the interest of justice under FRCP Rule 14. Defendant submits the following points and authorities in support of her motion:

### MS. BOLING'S CASE SHOULD BE SEVERED

 Ms. Boling's trial should be severed from that of her co-defendant for five reasons. First, there is a great disparity of the quantity and quality of evidence against the other defendants and Ms. Boling. Second, the jury is likely to find Ms. Boling guilty by association. Third, Ms. Boling's and her codefendant's defenses will likely be antagonistic. Fourth, joint trial will deprive Ms. Boling of her right to call her codefendant as a witness in her defense. Fifth, evidence which is not admissible at a separate trial against her will be admitted and held against her at a joint trial.

 The grounds for the severance of Ms. Boling's trial from that of the other defendants are premised upon Federal Rule of Criminal Procedure 14. Rule 14 provides:

<u>Relief from Prejudicial Joinder</u>.  If it appears that a defendant or the government is
   prejudiced by a joinder of offenses or of defendants in an indictment or

> information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Severance for prejudicial joinder under Rule 14 is discretionary. See e.g., *United States v. Ford*, 870 F. 2d 729, 739 (D.C. Cir. 1989). United States v. Lutz, 621 F.2d 940 (9th Cir. 1980). Moreover, courts must also consider Fed. R. Crim. P. 2 which provides:

> These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of justifiable expense and delay.

*Fed. R. Crim. P. 2.*

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. See e.g., United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980); United States v. Lutz, 621 F.2d 940 (9th Cir. 1980); United States v. Tousant, 619 F.2d 810 (9th Cir. 1980). A motion for severance is addressed to the trial court's discretion. United States v. Doe, 655 F.2d 920, 926 (9th Cir. 1980); United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1980). The defendant must demonstrate that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." Doe, 655 F.2d at 926.

### A. Disparity of Evidence.

The alleged level of involvement of each defendant varies significantly. In a joint trial of all defendants the 'dangers of transference of guilt' are such that the Court should use 'every safeguard to individualize ' the defendant. *Kotteakos v. United States*, 328 U.S. 750, 773, 774, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557 (1946); *Mardian,* 546 F.2d 973, 977 (1976). There is a danger that guilt felt by the jury to adhere to the codefendants might "rub off" on Ms. Bolong to be judged. *United States v. Kelly*, 349 F.2d 720, 759 (1965), *cert. denied*,

384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). The Court is required to sever defendants because the evidence against the other codefendant's in this indictment is "far more damaging" than the evidence against Ms. Boling.

A trial of this nature will present incredible difficulties for the jury. Due process concerns require the grant of severance to allow the jury "fairly and properly [to] comprehend the charges against individual defendants," for "[i]t is far preferable to break a triable action down into manageable, understandable components than to run the risk that the jury may not be able to follow the evidence." *United States v. Doherty*, 675 F. Supp. 726, 739 (D. Mass. 1987). *See United States v. Branker*, 395 F. 2d 881, 887-88 (2d Cir. 1968) ("as the number of counts is increased, the record becomes more complex and it is more difficult for a juror to keep the various charges against the several defendants and the testimony as to each of them separate in his mind"), cert. denied, 393 U.S. 1029 (1969). The jury's task of determining guilt beyond a reasonable doubt will be replaced by a seat of the pants determination based on initial impressions and gut reactions.

Second, the massive amount of evidence to be introduced mandates severance of defendants in the indictment. The Government has indicated in discovery that it has numerous witnesses and volumes of documents as to the activities of the codefendants regarding purchases of securities, instructions as to distribution of recordings, payment of funds, etc… The only disclosed evidence against Ms. Boling are the recordings themselves and the assertion that she "benefitted from monies earned by Roderic C. Boling" ( her then husband and codefendant). Despite limiting instructions, the jury's ability to segregate evidence among defendants over the course of several weeks would be virtually impossible, given the numerous witnesses and volumes of documents.

Third, the charges in the indictment fail to allege the alleged rolls played by the defendants in the alleged conspiracy. Severance is required when the evidence against some defendants is "far more damaging than against the moving party". *United States v. Bruner*, 657 F.2d 1278, ___U.S.App.D.C. 36 (D.C. Cir.1981); *United States v. Kelly*, 349 F.2d 720, 756-759 (2d Cir. 1965). Where, as in this case, there will be a great disparity of in the quantity and type of evidence severance is among the most important safeguards available to minimize the risk of prejudice. United States v. Mardian, 546 F.2d 973 (1976); United States

v. Sampol, 204 U.S. App.D.C. 349 (1980).

### B.  The Jury May Find Ms. Boling Guilty by Association.

It is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants. A co-defendant in a conspiracy trial occupies an uneasy seat.  There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. Krulewitch v. United States, 336 U.S. 440, 454 (1949).  This is especially true where the codefendant is the former spouse of the defendant.

### C. Ms. Boling And Her Codefendant Will Likely Employ Antagonistic Defenses.

Severance is appropriate where "the defenses `are antagonistic to the point of being mutually exclusive'".  United States v. Ramirez, 710 F.2d 535, 546 (9th Cir. 1983) (quoting United States v. Marable, 574 F.2d 224, 231 (5th Cir. 1978).  In order "[t]o justify a severance on the ground of antagonistic defenses, there must be a showing of `mutual exclusivity' -- [one defendant's] acquittal had to preclude [the other's]."  United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir. 1986) (citations omitted).

In United States v. Tootick, 952 F.2d 1078 (9th Cir. 1991) the Ninth Circuit reversed the defendants' convictions due to the district court's failure to sever the two defendants.  In Tootick, defendants Tootick and Frank were jointly tried on charges of assault resulting in serious bodily injury.  Each defendant contended that the other was solely responsible for the crime, a stabbing.  Although only defendant Frank testified, both defendant Frank and defendant Tootick advanced their theories through the arguments of counsel, and their respective examinations.

In Tootick, the defendants' mutually exclusive defenses had "the effect" of [bringing] a second prosecutor into the case with respect to their co-defendant." Id. at 1082. By acting as a "second prosecutor" as to each co-defendant, the defendants' attorneys

4

conferred a tremendous advantage upon the prosecution.

> The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions. While the defendants' claims contradict each other, each claim individually acts to reinforce the government's case. The government is further benefitted by the additive and profound effects of repetition. Each important point the government makes about a given defendant is echoed and reinforced by the co-defendant's counsel.

Id. Because the defendants' trial under these convictions resulted in "manifest prejudice", the Ninth Circuit reversed each defendant's conviction. Id. at 1083.

Here there is a high likelihood of antagonistic defenses. Ms. Boling and Mr. Boling were the sole adult occupants of a residence that was allegedly the source of the dropped "fraudulent" phone messages. In short, Ms. Boling and Mr. Boling, like the defendants in Tootick, may rely upon the defense that the other is responsible. Thus, Ms. Boling's defense may depend upon the conviction of her co-defendant.

In addition, Ms. Boling will have a strong incentive to attempt to produce any prior bad acts of her codefendant. See United States v. Sherlock, 865 F.2d 1069 (9th Cir.), amended and superseded, 962 F.2d 1349 (9th Cir. 1989) (reversing conviction for failure to sever where defendant precluded from impeaching co-defendant's out of court statements with co-defendant's prior conviction). The government has not as yet provided discovery of Ms. Boling's alleged co-conspirator's criminal record. If such convictions exist, and if the government seeks to introduce purported co-conspirator statements, Ms. Boling would also attempt to introduce these prior convictions to impeach the purported co-conspirator. See Id.

### D. In a Joint Trial Ms. Boling Will Be Denied Access To Co-Defendant Exculpatory Testimony.

One or both of Ms. Boling's co-defendants may offer exculpatory testimony for Ms. Boling at a separate trial, but will likely assert his Fifth Amendment right to remain silent if the defendants are tried together. Upon filing of an affidavit to this effect, Ms. Boling is entitled to severance of her case from that of her co-defendants. United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977); United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). Ms. Boling reserves the right to provide the Court with an affidavit which satisfies the requirements of Vigil, and thus supports the granting of a severance.

If the Court grants Ms. Boling's motion to sever, Ms. Boling requests that her trial be continued until after that of Mr. Boling and Mr. Mills. If Mr. Boling's or Mr. Mills' trial were to proceed after Ms. Boling's, they would likely assert their Fifth Amendment right to remain silent at the first trial. The Ninth Circuit has recently re-emphasized that it may "be an abuse of discretion for the district court to grant severance expressly to enable a co-defendant witness to offer exculpatory testimony and then to deny the continuance which would have deterred the witness from invoking the fifth amendment." United States v. Tham, 948 F.2d 1107 (9th Cir. 1991), superseded, 960 F.2d 1391 (9th Cir. 1992); United States v. Gay, 567 F.2d 916, 921, n.8 (9th Cir. 1978). Accordingly, Ms. Boling requests that she be tried second.

Even if a co-defendant would not voluntarily testify at her separate trial, Ms. Boling has a constitutional right to call him as a witness. If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, Ms. Boling can seek to compel that testimony by requesting immunity as to statements made in court. At that time, Ms. Boling could seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. § 6003(b)(1). Such use of this statute is compelled

by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness.  See United States v. Leonard, 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon).

If statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because Ms. Boling would be "prevented from presenting exculpatory evidence which is crucial to [her] case."  Government of the Virgin Islands v. Smith, 615 F.2d 964, 969-70 (3d Cir. 1980); see United States v. Alessio, 528 F.2d 1029 (9th Cir. 1976).  Ms. Boling's rights to compulsory process and to due process of law entitle her to a separate trial if the co-defendant refuses to testify at a joint trial.

**E.  Admission Of Evidence Which Would Not Be Admissible In A Separate Trial**.

Although the Supreme Court has found a general preference for joint trials in the federal system, based on the interests of efficiency and a reduced risk of inconsistent verdicts, the Rules provide for severance in order to prevent prejudice to a defendant. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 936, 122 L.Ed.2d 317 (1993): *Fed.R.Crim.P. 14*. The most likely scenario for prejudice is where the fact of joint trial leads to the admission of evidence that tells against a defendant and would be inadmissible if he were tried alone.

Much of the evidence which the government will seek to introduce at a joint trial would not be admissible against all defendants  at a separate trial. The risk of unfair prejudice is especially great here, where the admission is accompanied by a great disparity of evidence (i.e., the evidence shows that the defendant is far less culpable than his co-defendants) and the government's case is very complex.  *Zafiro,* 506 U.S. at 539, 113 S.Ct. at 937; *Quoted in United States  v. White*, 116 F.3d 903,916 (C.A.D.C. 1997).  Where damaging evidence is inadmissable against one  defendant at a separate trial severance should be granted.  United States v. Baker, 98 F.3d 330 (8th Cir. 1997) *cert.denied,* 117 S.Ct. 1456 (1997). "It is clear that there is a substantial likelihood that the jury may not  reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility."   United States v. Gaines, 563 F.2d 1352, 1355 (9th Cir. 1977);

7

*United States v. Milham*, 590 F.2d 717 (8th Cir. 1979).

Trial of all defendants together on all alleged events in the Indictment would result in gross disparities in evidence among defendants and would result in a gross disparity in the weight of the evidence. The inclusion of evidence of exchanges of large quantities of cash among the codefendants and allegations of codefendant's instructions for the destruction and concealing of evidence and allegations of codefendant's acquisition and sale of large quantities of stocks in which defendant Boling is not implicated guarantees that she will suffer "spillover prejudice" due to the accumulation of evidence against other defendants. Andrews, 754 F. Supp. at 1177; *Gallo,* 668 F. Supp. at 750-51.

Wherefore, for reasons stated above, Defendant prays that this motion be granted and that defendants be severed in the interest of justice.

          Respectfully Submitted,

          _____
          Joanne Roney Hepworth
          601 Pennsylvania Avenue, NW
          Suite 900
          Washington, D.C. 20004
          (202)789-0037
          Fax 301-3203948
          Attorney for Anna Boling

CERTIFICATE OF SERVICE

I, hereby, certify that a copy of the foregoing was, served electronically on all parties , on this 23rd day of February, 2007.

          _____
          Joanne Roney Hepworth

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 06-228-03(ESH) |
| | * | |
| | * | |
| ANNA BOLING | * | |

**ORDER**

Upon consideration of Defendant Anna Boling's Motion For Severance And Incorporated Memorandum Of Points And Authorities, the Government's opposition thereto and the entire record herein, it is on this _____ day of _____,

**ORDERED,** that said motion is hereby **GRANTED**.

_____
ELLEN SEGAL HUVELL
United States District Judge
For the District of Columbia

1