UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-228 (ESH) |
| : | |
| v. : | |
| : | |
| JEFFREY S. MILLS : | |
| RODERIC L. BOLING; AND : | |
| ANNA BOLING, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF
RODERIC L. BOLING'S PRIOR CONVICTIONS ON CROSS EXAMINATION**

Pursuant to this Court's Order, the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves for an Order *in limine* allowing the use, during cross-examination, of Roderic Boling's prior criminal convictions under FRE 609.[1]

## I.   BACKGROUND

On July 27, 2006, a federal grand jury returned a nine count indictment charging defendants Jeffrey S. Mills, Roderic L. Boling ("R. Boling") and Anna Boling ("A. Boling") with conspiracy to commit securities fraud and wire fraud (18 U.S.C. § 371), securities fraud (15 U.S.C. §§ 78j(b) and 78ff), and wire fraud (18 U.S.C. § 1343) in connection with their scheme to artificially inflate the market price and volume of the following publicly traded companies, and to fraudulently induce investors to purchase shares of the common stock of the following publicly traded companies: Maui General Stores, Inc. ("MAUG"), Innovative Food Holdings, Inc.

---

[1] The Government understands this Court's Scheduling Order to be apply to matters covered strictly by FRE 609 (defendant's prior convictions), and not any other federal rule (i.e. FRE 608). The United States also expressly reserves the right to introduce FRE 609 evidence against any and all defense witnesses whose identities are presently unknown.

("IVFH"); Power3 Medical Products, Inc. ("PWRM"), Donini, Inc. ("DNNI"), and 5G Wireless Communications, Inc. ("FGWC"). The Indictment also charged that another purpose of the defendants' conspiracy was to conceal their criminal scheme and activities from the United States Securities and Exchange Commission, the securities markets, and the actual and prospective investors in the stock of MAUG, IVFH, PWRM, FGWC and DNNI.

II. **ANALYSIS**

    A. **R. Bolings's Prior Convictions are Impeachable under Fed. R. Cr. P. 609.**

The government has reviewed R. Boling's criminal history reports and identified a federal conviction and a number of Florida convictions. These reports include an NCIC computer database search, a PRISM/CSOSA search, and a Florida Department of Corrections Offender Network search for R. Boling.[2] If R. Boling testifies at trial, the government should be permitted to impeach him with these prior convictions and any concomitant violations of probation and supervised release. At present, the government is obtaining certified judgments of convictions for each of the cases listed below. Once the certified judgments of convictions are received, the government will resolve any erroneous, or incomplete entries and dates in these reports and the list of criminal convictions below.[3] Based upon the information the government currently has, R. Boling's prior convictions appear as follows:

---

   [2] The government can provide copies of these reports to the Court at any time, and, of course, will make them available to defendants for their review.

   [3] The electronic criminal history records contain some discrepancies as to dates and lengths of sentences. For example, the Florida Department of Corrections database shows different offense dates than the NCIC criminal history analyses. The government will provide copies of all certified judgments of convictions to the Court and defendants as soon as they are obtained from the Florida authorities.

|   | Arrest Date | Charges or Counts | Court | Case Number | Conviction or Probation Revocation Date (latest date) | Sentence |
|---|---|---|---|---|---|---|
| 1 | 1/9/90 | Grand Theft-Motor Vehicle | Orange County, Florida | 90-08663 | 10/2/92 | 5 years |
| 2 | 1/11/90 | Forgery-Uttering | Seminole County, Florida | 90-01569 | 12/23/93 | 3 years |
| 3 | 3/12/90 | Uttering- Forgery/ Grand Theft greater than $300 < $20,000  x2 | Orange County, Florida | 90-13210 | 10/2/92 | 5 years |
| 4 | 4/3/90 | Theft of Government Property | Fed Court, M.D. Fla | 10256-018 | 4/27/90 | 10 months |
| 5 | 1/28/91 | Larceny | Lake Mary, Florida | 90-20048 and/or 91-00265 | 5/1/91 | unknown |
| 6 | 10/10/91 | Uttering Forgery x2 | Orange County, Florida | 92-03990 and/or 92-11646 | 3/17/94 | 3 years, 6 months |
| 7 | 12/29/91 | Fraud/ Obstruction of Justice without Violence (aka Resisting Officer Without Violence)/ Grand Larceny | Panama City, Florida | 91-02717 | 8/5/92 | unknown |
| 8 | 2/9/92 | Uttering/ Grand Larceny | Orange County, Florida | unknown | 9/10/92 | unknown |
| 9 | 4/16/92 | Forgery/ Altered Instrument/ Larceny | Orange County, Florida (9th Orlando Circuit Court) | 92-3990 | 3/14/94 | 3 years, 6 months |
| 10 | 8/27/93 | Failure to Appear | Leon County, Florida | 93-01573 | 3/8/95 | 3 years, 7 months, 25 days |

According to the Florida Department of Corrections database, R. Boling was incarcerated for his various crimes in Florida between 1/8/93 to 5/18/93 and 3/25/94 and 5/4/98.

3

B. **Legal Analysis**

In the event that R. Boling testifies at trial, the government should be permitted to impeach him with all of his prior convictions. Under FRE 609, prior convictions involving a crime of "dishonesty or false statement" that are within 10 years are automatically admissible; if they are outside the 10 year limit this Court has discretion on whether to admit the conviction. See, e.g., FRE 609(a)(2) (prior conviction "shall be admitted if it involved dishonesty or false statement . . ." (emphasis added) and (b)); United States v. Lipscomb, 702 F.2d 1049, 1064 (D.C. Cir. 1983) (609(a)(2) creates "per se rule"); United States v. Smith, 551 F.2d 348, 365 (D.C. Cir. 1976) ("prior conviction for a crime involving dishonesty or false statement is automatically admissible for impeachment purposes"). Crimes covered under the "dishonesty or false statements" language, include: "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Smith, 551 F.2d at 362 (quoting H.R. Conf. Rep. No. 93-1597, 93rd Cong. 2d Sess. 9, reprinted in (1974) U.S. Code Cong. & Admin. News at 7098, 7103). All of R. Boling's convictions (grand theft motor vehicle, larceny, uttering, fraud, forgery, altered instrument, and failure to appear) involve either outright dishonesty or the use of false statements or attestations. As such, the convictions are presumptively admissible under FRE 609(a)(2).[4]

---

[4] Additionally, it appears that most of R. Boling's convictions are felony convictions and are also admissible under Rule 609(a)(1), even if they did not involve "dishonesty or false statement." Under the (a)(1) analysis, the Government contends that these convictions would be admissible as their probative value is not outweighed by any prejudicial effect.

Under 609(b), the convictions are automatically admissible if they are ten years or less in age, and potentially admissible if they are greater than ten years old. Admittedly, not all of R. Boling's ten convictions fall within the ten year automatic rule. FRE 609(b) is clear that the ten year rule begins the day after the defendant's last day of incarceration (5/5/98); but it is silent as to which date controls the end of the 10 year period, or if there is any time period during which such clock should be tolled. There is sparse case law on the subject, see generally United States v. Jefferson, 925 F.2d 1242, 1256 (7th Cir. 1991) (suggesting possible end points but avoiding question), and conceivable end dates or tolling periods include the date of the alleged offense (7/25/2004), the date of indictment (7/27/06), the date of arrest (8/1/06), the trial date (4/30/07) and the date the defendant actually testifies (unknown).

The government believes the appropriate date for the end of the ten year period in FRE 609(b) is the offense date of July 25, 2004 because of R. Boling's efforts to conceal his conduct and obstruct justice (equitable tolling). However, even assuming the longest period if the defendant chooses to testify (sometime in June, 2007), three of R. Boling's ten convictions are within the automatic ten year period (convictions numbers 6, 9 and 10), as they occur less than ten years after R. Boling was (or would have been) released from jail in those cases (5/4/98).[5] Two more convictions (2 and 7) arguably fall inside the ten year range, and the other five convictions (1, 3, 4, 5, and 8) appear to fall outside. In sum, the government believes five convictions at issue (2, 6, 7, 9, and 10) are automatically admissible, and the other five are potentially admissible.

---

[5] It is irrelevant whether R. Boling sentences in 1994 were for probation violations, as they count equally under Rule 609(b) as the applicable period of confinement. See United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir.1988) (considering the analogous situation of revocation of parole as confinement for the original offense if the revocation is "substantially related or parallel to the original" conviction).

However, irrespective of whether any of these convictions fall outside the ten year window, this Court should, in its discretion, admit all ten of these convictions into evidence if R. Boling testifies because "the interests of justice" would be served by the evidence and "the probative value of the conviction[s] supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

First, R. Boling's post-10 year convictions are still relevant to this prosecution and should be admissible. For example, in United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992), the district court admitted a 18 year-old conviction for burglary. The Court of Appeals affirmed the trial court's finding that when the jury is presented with two opposing versions, credibility is "necessarily a critical factor in the jury's choice." Id at 787. This is particularly true where knowledge and intent are crucial issue at trial. Thus, where the credibility of a witness is crucial to the jury's determination of guilt or innocence, courts have allowed use of convictions much older than 10 years. See United States v. Spero, 625 F.2d 779 (8th Cir. 1980) (22 year-old grand theft conviction in trial allowed in conspiracy to possess unregistered destructive device); United States v. Thomas, 914 F.2d 139 (5th Cir. 1990) (16 year-old conviction for possession with intent to distribute heroin in felon-in-possession trial); United States v. Murray, 751 F.2d 1528 (9th Cir. 1985), cert. denied sub nom. Moore v. United States, 474 U.S. 979 (1985) (17 year-old conviction for receiving stolen property in prosecution for conspiracy to conceal assets in bankruptcy). If R. Boling testifies at trial, his credibility will be of crucial importance as he will likely mount an intent or knowledge-based defense.

Second, convictions admissible under Rule 609(a)(2) (those involving dishonesty or false statement) are especially probative of credibility. Prior convictions "involving lack of veracity

bear greatly on the credibility of a witness." United States v. Cathey, 591 F.2d 268, 276 (5th Cir. 1979) (crime involving dishonesty more likely to overcome Rule 609(b) presumption). Here, all of R. Boling's convictions involve deception, dishonesty, and fraudulent conduct.[6] Accordingly, this Court should allow the use of all of R. Boling's convictions for purposes of impeachment.

## CONCLUSION

The government hereby respectfully requests that it be permitted to introduce, on any cross-examination of R. Boling, evidence of his ten prior criminal convictions.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
TEJPAL S. CHAWLA
D.C. Bar No. 464012
Jonathan R. Barr
D.C. Bar No. 437334
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 514-9620 (Barr)

---

[6] In order to significantly lessen the prejudicial effect of admission of evidence of defendant's prior criminal record, the Government is not opposed to the Court instructing the jury as to the limited use of evidence as to prior convictions.