UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 06-228 (ESH) |
| : | |
| v. : | |
| : | |
| JEFFREY S. MILLS : | |
| RODERIC L. BOLING; AND : | |
| ANNA BOLING, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO STRIKE POTENTIAL
EXPERT TESTIMONY FROM WITNESSES RETAINED BY ANNA BOLING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves for an Order *in limine* to strike any expert testimony sought to be admitted by defendant Anna Boling.

**I.   BACKGROUND**

On January 26, 2007 this Court held a status hearing in the above matter and ordered that the parties provide notice of any expert testimony, along with reports by said experts, no later than February 16, 2007.[1]  At the hearing the government told the Court and the parties of its intent to introduce a computer expert testimony as to materials recovered from seized computers. On February 16, 2007, the government filed expert notice to the parties as to one expert, Alan Roth, who was noticed to provide expert testimony related to computers and storage equipment. None of the defendants filed any notice of expert testimony with the government nor suggested to counsel that it was planning on finding or eliciting such evidence. Prior to the Court's hearing on January 26, 2007, the government and all defendants had requested full discovery from each

---

[1] This was an oral Order of the Court, and it is government counsels' memory that the order applied to all parties, not just the government.  This deadline was not included in the Scheduling Order (#33) signed by the Court on January 26, 2007.

other.  The government has continued to comply with its ongoing discovery obligations, and no defendant has yet filed a motion to compel discovery or strike government evidence.

On March 19, 2007 counsel for Anna Boling alerted the United States that it had retained Bek Tek, LLC "as experts in the field of audio recordings."  Hepworth 3/19/07 Letter at p.5.  Counsel did not identify what work they were hired to perform, but she requested the Government assist her expert's investigation by providing them access to the technical equipment owned and operated by non-governmental companies so that the experts could "complete their initial evaluation."  Id.  Government counsel alerted counsel for Ms. Boling in a telephone call that it objected to any new expert testimony that had not been previously noticed pursuant to the Court's deadline.  The government also informed counsel that she would need permission from the third parties to perform such an investigation.  Counsel for Ms. Boling advised the government that she believed she did not have to provide any expert notice to government counsel, and that although she had not decided whether or not she would be calling any expert at trial, it was a decision she could make sometime in the future.

II.     **ARGUMENT**

The government objects to any attempt by Ms. Boling to provide expert testimony that has not been noticed pursuant to this Court's instructions on January 26. 2007.  Although counsel for Ms. Boling has still not provided any expert's name or a summary of their conclusions, her preliminary notice to the government raises the possibility that counsel will attempt to call such a witness, or worse, decide to do so sometime after the trial has begun.  As this Court is aware:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intents to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial if: (I) the defendant request disclosure

>under subdivision (a)(1)(G) and the government complies . . . . The summary must describe the witness's opinions, the bases and reasons for these opinions and the witness's qualifications.

Fed. R. Crim. Proc. 16(b)(1)(C). Given that Ms. Boling has requested expert government discovery under Rule 16(a)(1)(G), and the government has responded to this request, Ms. Boling was obligated to provide expert notice and a summary of that expert's testimony by the Court imposed deadline of February 16, 2007 (as the government had done). Her failure to provide such notice now bars any attempt to call an expert witness. See id. at 16(d)(2)(C) (sanctions for violating Rule 16 can include prohibiting introduction of evidence); United States v. Day, 433 F. Supp.2d 54, 57 (D.D.C. 2006) (defendant's expert notice to government 16 days before trial in bail reform act case was violation of Rule 16 which required striking of expert testimony).

     Importantly, the government, as well as the parties and the Court, will be severely prejudiced by any belated expert notice and testimony. First, this Court and counsel will likely have to address serious Daubuert issues with regard to purported "audio experts" identified by Ms. Boling. See United States v. Naegele, No. 05-CR-0151, --- F. Supp.2d ---, 2007 WL 214399 at *3 (denying portion of Bek Tek, LLC audio expert proposed testimony after Daubert hearing in part because "jury needs no assistance in what it hears"). Specifically, the government believes that any testimony that could be provided by any purported "audio experts" will have minimal scientific basis and provide little, if any, relevant information to the jury. Such issues will require time to be investigated and briefed, as well as a hearing and testimony by the anticipated experts. Second, the late notice threatens to delay the trial. If Ms. Boling is permitted to find and call an expert witness at this late hour, the government and other defendants, must, in fairness, be allowed time to analyze any expert claims and potentially counter such testimony with similar

expert testimony. Obviously, not knowing what Bek Tek LLC "experts" might even opine about makes it impossible for counsel to even identify any rebuttal experts at this time. As such, Ms. Boling's efforts to belatedly notice (without detail or discovery) and potentially call an expert witness in violation of this Court's order threatens the timing and fairness of the proceedings.

## **CONCLUSION**

The government hereby respectfully requests that this Court strike any expert testimony sought to be introduced by Ms. Boling, and specifically any testimony by persons associated with Bek Tek LLC.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        for the District of Columbia

By:          _____/s_____
              TEJPAL S. CHAWLA
              D.C. Bar No. 464012
              Jonathan R. Barr
              D.C. Bar No. 437334
              Assistant U.S. Attorneys
              555 4th Street, N.W.
              Washington, D.C.  20530
              (202) 353-2442 (Chawla)
              (202) 514-9620 (Barr)

CERTIFICATE OF SERVICE

I hereby CERTIFY that a copy of the foregoing Government's Motion in *Limine* to Strike Potential Expert Testimony From Witnesses Retained by Anna Boling has been sent by ECF filing to counsel for the defendants:

Robert O. Switzer, Esq. (defendant Jeffrey Mills)

Thomas Abbenante, Esq. (defendant Roderic Boling)

Joann Roney Hepworth, Esq.. (defendant Anna Boling)

this 28th day of March, 2007.

_____/s/_____
Tejpal S. Chawla
ASSISTANT UNITED STATES ATTORNEY