UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No.: 06-228 (ESH) |
| | : | |
| v. | : | |
| | : | |
| ANNA BOLING | : | |
| RODERIC L. BOLING, and | : | |
| JEFFREY S. MILLS | : | |
| Defendants. | : | |

**GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT RODERIC BOLING'S MOTION FOR ISSUANCE OF SUBPOENAS PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17C**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Roderic L. Boling's pretrial Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17(c) to issue a subpoena to the United States Securities and Exchange Commission ("SEC"). For the reasons set forth below, the United States respectfully requests that defendant Roderic L. Boling's Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17(c) be DENIED.

**I.    BACKGROUND**.

On July 27, 2006, a Grand Jury sitting in the District of Columbia returned a nine count indictment charging defendants Jeffrey S. Mills, Roderic L. Boling, and Anna Boling with one count of conspiracy to commit wire fraud and securities fraud, one count of securities fraud, and seven counts of wire fraud. The Securities and Exchange Commission, which conducted a civil investigation of the defendants' fraudulent conduct, filed a civil enforcement action in the District of Columbia on July 27, 2006, which was assigned to the Honorable Judge Rosemary M. Collyer. Trial in this criminal action is scheduled to begin on April 30, 2007.

The United States has produced at least 38 CD-Rom disks of documents in discovery to the defendants, including a large volume of documents and records obtained by the SEC during the SEC's civil investigation of the defendants. The United States previously requested that the SEC provide it with all documents collected during the SEC investigation of the defendants from third parties, and with the exception of a small volume of records,[1] the United States has produced to the defendants the documents and records the SEC provided in response to the Government's request.

Defendant Roderic Boling moved the Court for the issuance of a subpoena *duces tecum* to litigation counsel for the SEC under Rule 17(c) of the Federal Rule of Criminal Procedure for the following documents and records which appear to involve documents and records that are all protected by attorney/client privilege, attorney work product privilege, government deliberative process privilege, and/or the law enforcement privilege:

> all notes, memoranda, electronic recordings or other materials **prepared by or at the direction of SEC counsel** with regard to the investigation of Roderic L. Boling. {emphasis added}

The United States has contacted counsel for the SEC who has indicated that the SEC will object to such a subpoena for privileged documents.

---

[1] The SEC has very recently provided the United States with additional documents and electronic files, some of which have been previously provided to defendants, which the United States is in the process of copying or bates labeling to make available to the defendants. The volume of these documents and records is relatively small.

II.    ARGUMENT

**Defendant Roderic Boling's Motion for Issuance of a Rule 17( c) Subpoena for Materials Prepared by or at the Direction of SEC Counsel Should be Denied.**

In a criminal case, it is the burden of a party seeking issuance of a subpoena with a pre-trial return dated under Fed.R.Crim.P. 17(c) to establish: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. 683, 699 (1974); United States v. Libby, 432 F. Supp.2d 26, 30-31(D.D.C. 2006). The proponent of issuing a Rule 17(c) trial subpoena must demonstrate relevancy, admissibility, and specificity. Nixon, 418 U.S. at 700; Libby, 432 F. Supp.2d at 31. In addition, a Rule 17(c) subpoena should be quashed or modified if it calls for privileged material. See, United States v. Reyes, 239 F.R.D. 591, 598 (N.D.Cal. 2006). "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." Libby, 432 F. Supp.2d at 30.

Defendant Roderic Boling's motion for issuance of the Rule 17(c) subpoena to the SEC should be denied because defendant has not, and cannot demonstrate that the subpoena: (1) is directed to admissible evidence; (2) is anything other than a fishing expedition; (3) is appropriately specific; (4) seeks non-privileged materials; or (5) that its issuance is necessary for the defendant to prepare his defense. The proposed subpoena does not call for documents

3

produced by third parties to the SEC, or documents the SEC collected during its civil investigation, which the United States has, and is making available to the defendants without a subpoena. Rather, the subpoena is directed solely to documents, memoranda, electronic recordings or other materials **prepared at the direction of SEC counsel**. Pursuant to the proposed language of the subpoena, the SEC would be commanded to produce the legal memoranda of its attorneys, which contain among other things legal advice, attorney work product, and information concerning a government agency's internal deliberations. Similarly, the subpoena would arguably command the SEC to produce documents relating to communications with law enforcement which would also be privileged and not discoverable under Fed.R.Crim.P. 16. To the extent the subpoena also seeks SEC attorney notes of witness interviews, these notes constitute attorney work product, which are not discoverable and which clearly constitute inadmissible hearsay evidence of unsworn oral statements by third parties. Significantly, Rule 16(a)(2) does not provide for the discovery of witness statements outside the confines of the Jencks Act, 18 U.S.C. § 3500. It is difficult to imagine how documents and records prepared by SEC attorneys or at the direction of SEC attorneys would be admissible evidence at defendant Roderic Boling's criminal trial. Accordingly, defendant Boling's request for the issuance of a subpoena to the SEC under Rule 17(c) should be denied.

## III.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that defendant Roderic Boling's Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17(c) be DENIED.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar No. 498610


By:   _____
        JONATHAN R. BARR
        D.C. Bar No. 437334
        TEJPAL CHAWLA
        D.C. BAR NO. 464012
        Assistant United States Attorneys
        Fraud and Public Corruption Section
        555 4th Street, N.W., Room 5245 and 5840
        Washington, D.C. 20530
        (202) 353-2442

**CERTIFICATE OF SERVICE**

      I HEREBY certify that a copy of the foregoing Government's Memorandum of Points and Authorities in Opposition to Defendant Roderic Boling's Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17C was served via ECF to defense counsel for the following defendants on this __ day of March, 2007:

For Anna Boling
Joanne Hepworth, Esq.

For Roderic Boling
Thomas A. Abbenate, Esq.

For Jeffrey A. Mills
Robert O. Switzer, Esq.


                              JONATHAN R. BARR
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No.: 06-228 (ESH) |
| | : | |
| v. | : | |
| | : | |
| **ANNA BOLING** | : | |
| **RODERIC L. BOLING,** and | : | |
| **JEFFREY S. MILLS** | : | |
| **Defendants.** | : | |

**O R D E R**

After consideration of defendant Roderic Boling's Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17(c), and the United States' Memorandum of Points and Authorities in Opposition thereto, it is this _____ day of _____ , 2007

ORDERED that defendant Roderic Boling's Motion for Issuance of Subpoenas Pursuant to Federal Rule of Criminal Procedure 17(c) be DENIED.

_____
The Honorable Ellen Segal Huvelle
UNITED STATES DISTRICT JUDGE

copies:

Jonathan Barr
Tejpal S. Chawla
Assistant United States Attorneys
Fraud and Public Corruption Section

For Anna Boling
Joanne Hepworth, Esq.

For Roderic Boling
Thomas A. Abbenate, Esq.

For Jeffrey A. Mills
Robert O. Switzer, Esq.