UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 06-228-03(ESH) |
| | * | |
| | * | |
| ANNA BOLING | * | |

*******************************************

**DEFENDANT ANNA BOLING'S OPPOSITION TO THE GOVERNMENT'S MOTION IN *LIMINAE* TO STRIKE POTENTIAL EXPERT TESTIMONY**

Defendant Anna Boling, by and through her attorney, Joanne Roney Hepworth, respectfully submits the following points and authorities in opposition to the Governments motion to exclude her experts:

1. The government's motion must be denied as the issue is not ripe. Defendant Anna Boling has not determined whether she "*intends*" to use the testimony of any experts as of this date. The defendant has retained the services of BekTek, LLC, Forensic Audio Recording Experts to examine the audio recording evidence herein and evaluate its authenticity and originality. The expert has not yet completed the examination nor rendered any reports or opinions as of this time.

2. The defendant did not understand the Court's January 26th oral order concerning notice of experts to apply to defense experts as yet undetermined. The government has been investigating and developing its case in this matter since 2004. It has had the use of the SEC, the Postal Inspector's Office and the United States Department of Justice. Counsel for the defendant was appointed in September 2006, this appointment was not confirmed until December 2006. The government has delivered hundreds of documents, transcripts, audio recordings and emails on 38 compact discs of discovery over a period of six months up to and including March 26, 2007. Defendant's counsel has spent more than 100 hours reviewing the government's discovery and digesting the huge volume of evidence submitted. The issue of

1

the authenticity of the audio recordings was one which was not readily apparent from the charges themselves but was a product of counsel's investigation revealed only after review of the transcripts of witnesses and charging documents in related cases.  In a complex case such as this one it is difficult to know fully every aspect of the defense case prior to completion of the discovery review and sometimes even prior to the presentation of the government's case.

3. Immediately upon recognition of the potential issue as to the authenticity, defendant's counsel sought expert assistance.  After conferring with the Federal Public Defender, BekTek, LLC was identified as a good candidate for providing the expertise required.  BekTek was willing and available to provide expert services under terms and rates available under the Criminal Justice Act but was, understandably, unwilling to begin work without court authorization.  On February 23, 2007 defendant filed a motion for appointment of BekTek, LLC as Forensic Audio Experts under the Act.  On March 6th the Court authorized the defense to retain the services.  On the first available date thereafter counsel met with the experts, delivered the audio tapes in question and was given a list of items required for the completion of the analyses.  The appointment of the expert was discussed with the government on at least two occasions and written notice was submitted on March 19th along with a specific request for certain information which was needed to complete the analysis.

3. Government counsel misrepresents counsel for Ms. Boling's statements as to the notice required of her experts.  The defendant is not required to disclose to the government the identity of experts with whom she consults unless she ***intends to use the testimony*** at trial.  Counsel for Ms. Boling fully understands her obligations under Rule 16 and intends to give the government a written summary of any expert testimony ***intended for use at trial*** as soon as the tests are done and the experts have an opinion and/or reports  have been submitted.  Government counsel was so informed in discussions prior to March 19th.[1]

4. The government is to some extent complicit in the unavailability of the experts reports and findings.  The government has to date not respond at all to the defendant's request for disclosure of the details necessary to complete the examination and evaluation of the audio

---

[1] Technically speaking, Ms. Boling had never made any formal discovery requests of the government prior to March 19th, therefore no obligations under Rule 16 were generated prior to that date.

recordings in question, including:

- The purported original recording (defined as the recording which was produced simultaneously with the acoustic information presented in the recording)(reportedly unavailable).
- a description and identification by make and model of the original recording device, including all peripheral equipment used in the production of the original recording(e.g., cables, interface devices).
- Detailed descriptions of the original recording process and of the subsequent copying, conversion, compression, editing, etc processes which ultimately resulted in the recordings now put forth by the government in this case,

5. The government's reliance on *U.S v. Day,* is misplaced. In that case, the court excluded the proffered expert testimony on "its consideration of the reliability of the expert testimony and the expert reports, the relevance of this particular testimony to a legally acceptable theory…" not merely on a Rule 16 violation. *United States v. Day,* 433 F. Supp.2d 54, 57(D.D.C. 2006). Furthermore, the Constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote" *Holmes v. South Carolina,* 126 S. Ct. 1727; 2006 U.S. Lexis 3454 at * 14(U.S. 2006).-

6. The government is not "severely prejudiced" by the allegedly belated notice of audio recording expert testimony. The government's arguments on this issue are premature and hypothetical. The issue on which the testimony is sought is not clear at this point but it is not the same as that which was the subject of Judge Freidman's opinion in *Naegele*.[2] All of the experts at BekTek are former FBI agents trained and employed by the FBI in their Forensic Audio Recordings division; therefore the government has experts available "in house". Furthermore, there are many such experts readily available in the Washington Area for the government's use. The government has been on notice of the defendant's questioning

---

[2] Judge Freidman excluded a portion of the proffered expert testimony of BekTek but admitted another portion. The credentials and expertise of Douglas Lacey of BekTek were not questioned. United States v. Naegele, No. 05-CR-0151, --- F. Supp.2d ---, 2007 WL 214399 at *3(denying portion of Bek Tek, LLC audio expert proposed testimony after Daubert hearing in part because "jury needs no assistance in what it hears").

of the authenticity of the audio recordings in this case since March 10, 2007 when the defendant filed her motion to exclude the recordings on that basis. The defendant expects to have a written summary of the experts opinion within two weeks. The government has been on notice of the issue of the questioned authenticity of the audio recordings since at least March 10, 2007. The government has notice of the identity of the defendant's expert and a current C.V. is being provided on this date. The government can secure their own audio recording expert as soon as possible to rebut any potential defense expert testimony. It is within the Court's sound discretion to deny the Government's motion under these circumstances. *United States v. Afrifa*, 1996 U.S. App. Lexis 15999(4th Cir. 1996). As soon as the government provides access to the required information, the analysis can be done and the summary prepared.

For the reasons stated above and any appearing to the Court, the defendant respectfully submits that the government's motion should be denied.

Respectfully Submitted,

_____
Joanne Roney Hepworth
601 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20004
(202)789-0037
Fax 301-3203948
Attorney for Anna Boling

CERTIFICATE OF SERVICE

I, hereby, certify that a copy of the foregoing was, served electronically on all parties , on this 3rd day of April, 2007.

_____
Joanne Roney Hepworth