UNITED PROSECUTIONS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED PROSECUTIONS OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 06-228-03(ESH) |
| | * | |
| | * | |
| ANNA BOLING | * | |

*******************************************

### DEFENDANT ANNA BOLING'S PROPOSED SPECIAL *VOIR DIRE*

Defendant Anna Boling, by and through her attorney, Joanne Roney Hepworth, respectfully moves the Court to include the following questions in its *voir dire* of the prospective jurors:

1. Wire Fraud Charge. The defendant is charged with an offense involving fraud. The court will instruct you that this crime has a specific legal definition with a number of elements each of which the prosecution is required to prove beyond a reasonable. Sometimes legal definitions are different from common lay under standings of the word. Would you have difficulty following the judge's instructions where they to differ from your own personal definition?

The law states that the prosecution must prove beyond a reasonable doubt that the defendant knowingly and willfully participated in a scheme to defraud and that she did so with the specific intent to defraud. Does anyone here disagree with this proposition of law?

Would nature of the charge itself wire fraud make it difficult for you to render a fair and impartial verdict in this case, based upon the evidence alone?

2. Securities Fraud Charge: The defendant is charged with an offense involving securities fraud. The court will instruct you that this crime has a specific legal definition with a number of elements each of which the prosecution is required to prove beyond a reasonable. Sometimes legal definitions are different from common lay under standings of the word. Would you have difficulty following the judge's instructions where they to differ from your own personal definition?

The law states that the prosecution must prove beyond a reasonable doubt that the defendant knowingly and willfully employed a manipulative or deceptive device with respect to material facts in relation to the purchase or sale of any security registered on a national securities

exchange in a scheme to defraud and that she did so with the specific intent to _____.
Does anyone here disagree with this proposition of law?

    Has anyone lost or made money in the stock market?

Would nature of the charge itself securities fraud make it difficult for you to render a fair and impartial verdict in this case, based upon the evidence alone?

**Telemarketing**
1)     The evidence may show that Ms. Boling has had experience as a telemarketer. Would knowing that affect your ability to render a fair and impartial verdict?
    a) Have you had a personal or family experience involving telemarketing that might make it difficult for you to sit on the case and fairly judge the testimony of witnesses who may be telemarketers?
    b) Have you formed special opinions about people employed as telemarketers? Do you feel that just because someone who has been employed in telemarketing is less believable that another witness?

2).     Have any of you been employed in a telemarketing position?
3).     Has anyone ever received a voice mail solicitation?
4).     Have any of you responded ?
5).     Have you had a telemarketer call you?
6).     Do any of you harbor resentment or ill feelings against telemarketers such that you would have difficulty giving someone who had once been involved in telemarketing a fair and impartial trial?

**Publicity:** (Any questions that may elicit information about the case should be asked at the bench.)
1. Do you know anything about the facts of this case other than what you have heard in court today?
2. Have you read about the case in the newspapers, magazines or heard about it over the radio or television?
3. Have you read about this case on the internet?
4. Have you heard anybody discussing the case?
5. Have you discussed the case with someone who claimed to know something about the facts of the case?
6. If yes:
    (a) What [newspapers have you read] [did you hear] [did you discuss]?
    (b) What did the article say?
    (c) Have you formed some opinion about the guilt or innocence of Ms. Anna Boling from what you [heard, discussed, read in the newspapers]? When

       did you first form an opinion about the defendant's guilt? Have you carried that opinion from then until now? So it would require evidence to remove or change your opinion?
- (d) Knowing what you know about this case from the newspapers and television, would you be satisfied to be tried by jurors having your frame of mind?
- (e) Would what you have read or heard affect your ability to judge this case only on what you hear in testimony and evidence in this courtroom, and not be influenced by anything that you read or heard?

**Co-defendants**:

1) As you know, there are three persons on trial here, and each of them must be given separate consideration.
   a) Would you tend to evaluate the evidence concerning these people together?
   b) Would you assume that evidence admitted only against one should also be used against the other, just because they are being tried together?
   c) Would you tend to believe evidence admitted or charges proved against a codefendant who was at the time married to the defendant also proved or applied to the defendant just because they were married?
   d) If the evidence convinces you of guilt beyond a reasonable doubt of one but not the other, would you have any difficulty finding the other not guilty?

        Respectfully Submitted,

        _____
        Joanne Roney Hepworth
        601 Pennsylvania Avenue, NW
        Suite 900
        Washington, D.C. 20004
        (202)789-0037
        Fax 301-3203948
        Attorney for Anna Boling

CERTIFICATE OF SERVICE

I, hereby, certify that a copy of the foregoing was, served electronically on all parties , on this 7th day of April, 2007.

        _____
        Joanne Roney Hepworth