UNITED PROSECUTIONS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED PROSECUTIONS OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 06-228-03(ESH) |
| | * | |
| | * | |
| ANNA BOLING | * | |

*******************************************

## MOTION TO WITHDRAW AS COUNSEL

Appointed Counsel for Defendant Anna Boling, Joanne Roney Hepworth, respectfully moves the Court for leave to withdraw as defendant's counsel on the grounds that defendant has raised issues concerning the adequacy advice of counsel prior to an "off the record" meeting with prosecutors which create a conflict of interest between the defendant's interests and the counsel's own interests and therefore "corrupts the relationship". On information and belief, new counsel has been retained by the defendant to represent her. In support of the motion, counsel states as follows:

1. Counsel entered an appearance to represent Anna Boling in August 2006 and was appointed under the Criminal Justice Act.

2. On Monday, April 09, 2007 the defendant requested that counsel not take any further actions on her behalf and has advised that she has retained new counsel

3. The defendant has indicated that she feels that she was not adequately represented concerning a debriefing with the prosecution, specifically that she was not advised that the government could and would publish "off the record" debriefing statements to codefendant's prior to trial. The defendant has also raised the issue of inadequate time to review the debriefing letter prior to the meeting.

4. There has been a complete breakdown of the attorney client relationship over this issue which cannot be overcome. Communication has been curtailed since the government's release of alleged statements of the defendant.

5. Under these circumstances, counsel cannot ethically or practically continue as Ms.

Boling's counsel.

Wherefore, it is respectfully requested that the Court grant Counsel leave to withdraw and that new counsel be permitted to enter her appearance to represent Defendant Anna Boling in any further proceedings concerning this matter.

## POINTS AND AUTHORITIES

Mr. Anna Boling is effectively raising a complaint of ineffective assistance of counsel against undersigned counsel. As such a situation is created where her interests as the client are in conflict with counsel's own interests as a professional. The course of conduct she may wish to pursue conflicts with counsel's own interest in preserving her professional reputation. Thus, creating a situation of divided loyalty between her duty to the defendant and counsel's duty to herself and her career.

The Supreme Court "has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The Sixth Amendment guarantees criminal defendants the right to reasonably effective assistance of counsel. *Id.* at 686. Reasonably effective assistance of counsel requires undivided respect for the "duty of loyalty, a duty to avoid conflicts of interest." *Id.* at 688 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 346, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980)). This duty of loyalty is "perhaps the most basic of counsel's duties." *Id.* 466 U.S. at 692. Issues of conflict of interest arise when an attorney's interest conflicts with the interests of his client. *United States v. Barnes*, 213 U.S. App. D.C. 262, 662 F.2d 777, 782 (D.C. Cir. 1980) (remanding for evidentiary hearing when representation at habeas hearing by counsel alleged to have rendered ineffective assistance on appeal would constitute conflict of interest between attorney and defendant); *United States v. Taylor*, 657 F.2d 92, 94 (6th Cir.) (per curiam) (remanding for inquiry to determine whether defendant's attorneys, under investigation for possession of documents taken from US attorney's office, could forcefully pursue client's defense without incriminating themselves further), cert. denied, 454 U.S. 1086, 70 L. Ed. 2d 622, 102 S. Ct. 646 (1981); These legal principles are applicable to any claim of inadequate representation resulting from a conflict of interest. *United States v. Ellison*, 798 F.2d 1102, 1106-07 (7th Cir. 1986), cert. denied 479 U.S. 1038, 93 L. Ed. 2d 845, 107 S. Ct. 893 (1987) (citing

*Walberg v. Israel*, 766 F.2d 1071, 1075 (7th Cir.), cert. denied 474 U.S. 1013, 88 L. Ed. 2d 475, 106 S. Ct. 546 (1985)).

Competition between the client's interests and the counsel's own interests "corrupts the relationship," particularly "when the counsel's duty to his client calls for a course of action which concern for himself suggests that he avoid." *United States v. Hurt,* 177 U.S. App. D.C. 15, 543 F.2d 162 (D.C. Cir. 1976). An actual conflict of interest exists "when, during the course of the representation, the attorney's and defendant's interests 'diverge with respect to a material factual or legal issue or to a course of action. *United States v. Harris,* 846 F. Supp. 121, 126 (D.D.C., 1994). The Local Rules of the United States District Court for the District of Columbia dictate that attorney conduct is governed by the rules adopted by the District of Columbia Court of Appeals. The District of Columbia Rules of Professional Conduct (D.C. Rules) became effective on January 1, 1991. D.C. Rule 1.7 states that …

> (b) Except as permitted by paragraph (c), a lawyer shall not represent a client with respect to a matter if:
>
> \* \* \*
>
> (4) The lawyer's professional judgment on behalf of the client . . . reasonably may be adversely affected by the lawyer's . . . interests in … the lawyer's own . . . personal interests.

In this case the defendant has raised the issue of inadequate advice prior to engaging in an "off the record" debriefing. Counsel cannot properly pursue this issue without calling her professional performance into question. The natural desire to protect one's self conflicts with the duty to vigorously pursue the cause of one's client. Therefore the loyalty of counsel is in conflict.

Wherefore for reasons stated above and any appearing to the Court at a hearing on this motion, Counsel respectfully requests that her motion be granted and that new counsel be entered for the defendant.

Respectfully Submitted,

_____
Joanne Roney Hepworth
601 Pennsylvania Avenue,
Suite 900, South Building
Washington, DC  20004

                                                 (202)789-0037  
                                                 Fax (301)320-3948

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent electronically to all parties on this 9th day of April, 2007.

                                                    _____  
                                                  Joanne Roney Hepworth

UNITED PROSECUTIONS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED PROSECUTIONS OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CR. NO. 06-228-03(ESH) |
| | * | |
| | * | |
| ANNA BOLING | * | |

*********************************************

## ORDER

Upon consideration of Counsel's Motion To Withdraw As Counsel and the entire record herein, it being shown that a conflict of interest exists between Counsel and the Defendant, on this the _____ day of _____, 2007, it is, hereby

**ORDERED,** that Counsel Joanne Roney Hepworth is granted leave to withdraw as attorney for Defendant Anna Boling and new retained counsel shall be entered to pursue any further claims in this matter.

_____
**JUDGE ELLEN SEGAL HUVELLE**
United States District Court