UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Cr. No.  06-228-01 (ESH/JMF) |
| | ) | 06-228-02 (ESH/JMF) |
| Jeffrey S. Mills, | ) | 06-228-03 (ESH/JMF) |
| Roderic L Boling, and | ) | |
| Anna Boling | ) | |
| _____ | ) | |

**DEFENDANT ANNA BOLING'S
REPLY FOR MOTION TO DISMISS COUNTS THREE THROUGH NINE OF THE
INDICTMENT AND TO DISMISS IN PART COUNT ONE**

For her Reply to the Government's Opposition to her Motion to Dismiss, Defendant Anna Boling submits the following for consideration by this Honorable Court.

First, the Government's Opposition further makes clear that its theory of prosecution in this case is that the defendants perpetrated a fraud "on the market." Gov't Opposition at p. 3-4 (claiming that all persons receiving the voicemail messages and all persons who purchased the stocks at the "inflated" prices, whether they heard the voicemails or not constitute the victims in this case).  This argument stretches the wire fraud statute far beyond its long-understood parameters and contravenes the conceptual framework of the statute as articulated in *McNally v. United States*, 483 U.S. 350 (1987).  The statute is no more accepting of the interpretation urged here than it was of the one put forward by the Government in *McNally*, and as such the wire fraud counts here should similarly be dismissed.

Second, the cases relied upon by the Government do not support its arguments. The *Charnay* Court spends nine or more pages discussing the securities fraud counts in that case. When the opinion does turn to the question of the wire fraud counts, it discusses them in four paragraphs and only answers the question of whether the Government adequately alleged the "nature of the fraud and how it was accomplished." *United States v. Charnay*, 537 F.2d 341 (9th Cir. 1976). *Charnay* did not raise the issue posed by the defense in this case, *i.e.,* that the indictment does not allege that the defendants intended to defraud <u>any</u> specified victim. In *Charnay* it is clear that the indictment did so allege. The Court noted that the wire fraud counts stated that "the object of this activity was to defraud the shareholders and directors of Air West." *Id.* at 352. The Court also says that the indictment alleged in specific paragraphs that communications were directed to the directors who voted against the offer made by Hughes Tool Company in an effort to get those directors to change their votes, "thus depriving the directors and shareholders of the right to conduct their corporation free from undue influence, deceit, and fraud . . . ." Thus, it seems clear that the indictment in the *Charnay* case did allege a specified group of persons – the existing shareholders and the company's board of directors - who were the "victims" of the alleged fraud. This is a far cry from the allegations of the indictment here, which claims essentially that the investing public is the "victim."

The *Downing* case does not help the Government either. It is a sufficiency of the evidence case, not one dealing with the inadequacy of the indictment. Moreover,

2

the issue raised by the defense here is again not addressed in the analysis of the case. That a court may have affirmed the wire fraud convictions of defendants in an alleged "pump and dump" scheme based on other arguments is irrelevant and does not save the indictment here.

Finally, the *Madeoy* case, 912 F.2d 1486 (D.C. Cir. 1990) also does not assist the Government. In that case, the indictment expressly plead that the defendants enriched themselves "by receiving money from and on account of FHA-insured loans which were fraudulently obtained as a result of the bribery of public officials and the knowing submission of false, fraudulent, and misleading statements to the FHA and to the [Veterans Administration]." *Id* at 1486 (emphasis added.) Thus, the indictment there identified both the intended victim and the property sought to be obtained from that victim and alleged that the violation resulted from specific allegedly fraudulent conduct. The indictment in this case does not allege that the defendants intended to obtain money from any victim, much less an identifiable victim cognizable under the wire fraud statute. That the indictment in *Madeoy* was properly plead does not mean that this indictment is so plead.

The Government does not point to any language in the indictment that combats the arguments made by the defense in the Motion to Dismiss. Instead, the Government points only to the language describing its theory of the allegedly fraudulent conduct. But, that is not what is required for the indictment to be sufficient. The indictment must set forth facts describing a "scheme to defraud," which by its essential nature consists of an object (property, money, honest services,

3

etc.) to be obtained, which is in the hands of the intended victim(s), which the defendant(s) seek to obtain by some form of allegedly fraudulent means. Thus, here, just as the District Court in *United States v. Alsugair*, 256 F.Supp.2d 306, 312 (D.N.J. 2003) stated with reference to the mail fraud statute: "[I]n addition to an allegation that a defendant deprived a victim of money or property, [the statute] requires an allegation that the defendant obtained money or property as well." Neither is alleged in this case.

In sum, it is simply not sufficient to plead that the defendants intended to enrich themselves by defrauding someone, through engaging in actions that raised stock prices. The indictment here does little, if any, more than that. Because the indictment is flawed as to the wire fraud charges, Counts Three through Nine, inclusive, and the portion of Count One relating to wire fraud should be dismissed with prejudice.

                                              Respectfully submitted,

                                              /s/ Leslie McAdoo
                                              Leslie McAdoo
                                              Bar # 456781
                                              1140 19th St. NW, Suite 602
                                              Washington, DC 20036
                                              (202) 293 0534 telephone
                                              (202) 318-3005 facsimile

                                              Counsel for Anna Boling

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of May 2007, a copy of the foregoing Reply for Motion to Dismiss was served electronically to:

>Jonathan R. Barr and
>Tejpal S. Chawla
>Assistant United States Attorney
>555 4th St., NW
>Washington, DC 20530
>
>Robert O. Switzer
>111 Soledad Street
>Suite 1200
>San Antonio, TX 78205
>
>Thomas Abbenante
>1919 Pennsylvania Avenue, NW
>Suite 200
>Washington, DC 20006

>/s/ Leslie McAdoo
>Leslie McAdoo