UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Cr. No.  06-228-01 (ESH/JMF) |
| | ) | 06-228-02 (ESH/JMF) |
| Jeffrey S. Mills, | ) | 06-228-03 (ESH/JMF) |
| Roderic L Boling, and | ) | |
| Anna Boling. | ) | |
| _____ | ) | |

### DEFENDANT ANNA BOLING'S
### MOTION FOR A BILL OF PARTICULARS

Pursuant to Fed. R. Crim. Pro. 7(f), Defendant Anna Boling hereby moves this Honorable Court to compel the Government to file a Bill of Particulars clearly specifying which statements within each of the voicemail messages at issue in this case are alleged to be material and false. Undersigned defense counsel requested this information from the Government at a meeting on May 7th, but the Government has declined to disclose it.

The indictment charges that Defendant Anna Boling created seven or eight fraudulent "hoax voicemail messages" which the Government alleges contain certain misrepresentations. (Indictment ¶ 18.)  The indictment reproduces the alleged text of <u>one</u> of the voicemail messages (referring to Power3 Medical Products, Inc. ("PWRM")), and lists five portions of that text that the Government alleges to be fraudulent. (Indictment ¶ 18-19.) There is no indication, however, that this list of five portions represents the totality of the information in the message that the

1

Government is alleging is material and false. Also, the indictment does not specify the text of the other voicemail messages at all.

Ms. Boling needs to know with clarity which portions of the voicemail messages the Government alleges are material and false in order to prepare her defense. Thus, in the May 7th meeting, defense counsel asked the Government whether it considers <u>any additional</u> portions of the PWRM voicemail's text to be material and false, or whether instead it agrees that the remaining portions, or any parts thereof are either 1) non-material, or 2) true/accurate. Similarly, the defense sought to know the Government's position regarding the materiality and falsity of the text of the remaining seven messages. The Government declined to provide answers to these questions. The Government claimed that whether it considers additional portions of the messages to be fraudulent or material was a "trial strategy" that need not be disclosed.

    I.    *Standard of Review*

Generally, a defendant may seek a bill of particulars in order to identify with sufficient particularity the nature of the charge against him, enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (*citing Wong Tai v. United States*, 273 U.S. 77 (1927)). The decision of whether or not to grant a bill of particular lies within the sound discretion of the trial court. *Bortnovsky*, 820 F.2d at 574 (*citing United States v. Panza*, 750 F.2d 1141 (2d Cir. 1984)). If the information sought is

provided in the indictment or in some acceptable alternate form, no bill of particulars is required. *Bortnovsky*, 820 F.2d at 574.

    II.    *Analysis*

In a case based on allegedly false statements, the defense needs to know—with clarity—what portions of the information contained in the voicemail messages the Government claims are material and false in order to prepare for trial and to prevent surprise and a moving target at trial. The courts are uniform in this view. Thus, for example in *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D.Va. 2006), the District Court stated that in the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, *and the fraudulent statements* within the documents. *Sampson*, 448 F. Supp. 2d at 696. In that case the defendant was charged with making a false declaration before a court, making a false claim on a financial affidavit before a court, and mail fraud, and the District Court held that the government must specify what the false statements were within the documents so that the defendant could appropriately defend the charges. *Sampson*, 448 F. Supp. 2d at 696.

Similarly, in *Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987), the government alleged that the defendant filed several false claims for burglary losses to the Federal Insurance Administration and false claims for fire damages to the New York Property Insurance Underwriting Association. *Bortnovsky*, 820F.2d at 574. In the indictment, however, the government did not specify which documents were

falsified. The Second Circuit held that the defendant was entitled to a bill of particulars specifying exactly which claims the government was alleging were falsified. *Id.* at 574-75.

Likewise, in *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D. D.C. 1998), the court held that the defendant was entitled to a bill of particulars clarifying counts in the indictment that charged the defendant with causing the Democratic National Committee to make false statements in its reports to the Federal Election Committee. The court stated:

> "[a] defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information. The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how Mr. Trie caused them to be made."

*Trie*, 21 F. Supp. 2d at 21-22. *See also, United States v. Rogers*, 617 F. Supp. 1024 (D. Colo. 1985) (finding that the government must provide particularization of allegedly false statements made by defendants); *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) (granting bill of particulars identifying each false and misleading claim allegedly submitted by the defendant and each item or entry alleged to be false or misleading that the government planned to use at trial).

The battleground in this case is going to be whether the information in the voicemails was 1) fraudulent and 2) material to the stock purchases. The defense believes some of what the Government is claiming is "fraudulent" is instead non-material, and also, that some is, in fact, accurate. Thus, the defense must be apprised of the particular portions of the messages that the Government is claiming

4

are material and false in order to prepare to defend the charges and ensure against unfair surprise and a moving target at trial. Thus far, the Government has advised the defense—through the indictment—of five portions of <u>one</u> of the voicemail messages that it claims are fraudulent, but it has declined to confirm that these are the only alleged material falsities in that particular message, and that its position is the same, *vel non*, for the other seven messages.

The text of the other seven voicemail messages relating to the other stocks at issue are contained in the discovery provided to the defense. While each is similar to the one specified in the indictment, they are <u>not</u> identical. Significantly, each voicemail message contains a piece of information about the company at issue that is unique to that company. For example, one voicemail talks about PWRM having a cancer test; one says MAUG is the "new Tommy Bahama"; one talks about IVFH getting a deal with the well-known chef, Emeril, etc. Because each message is unique in this regard, the defense needs to know for each message whether the Government contends that portion of the message is material and also fraudulent or not. This is particularly critical as it appears to the defense that in many, if not all the messages, this "company specific" information was in fact accurate. For example, the Government has disclosed documents that show PWRM did in fact have a new cancer test and that IVFH did in fact have a deal with Emeril. Thus, it is of paramount importance in preparing Ms. Boling's defense that she be clearly on notice as to precisely what portions of the messages the Government contends are fraudulent <u>and</u> material and what portions it agrees are either true/accurate or non-

5

material.  Unless the defense is provided with this information, it is significantly handicapped in its preparation and may be required to defend the proverbial "moving target" at trial.

Thus, Defendant Anna Boling requests that the Court order the Government to identify with clarity which portions of all eight messages it alleges to be: 1) material, and 2) fraudulent.

Respectfully submitted,

/s/ Leslie McAdoo
Leslie McAdoo
Bar # 456781
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293 0534 telephone
(202) 318-3005 facsimile

Counsel for Anna Boling

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of May 2007, a copy of the foregoing Motion for a Bill of Particulars was served electronically to:

Jonathan Barr
Assistant United States Attorney
555 4th St., NW
Washington, DC 20530

Robert O. Switzer
111 Soledad Street
Suite 1200
San Antonio, TX 78205

Thomas Abbenante
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006

/s/ Leslie McAdoo
Leslie McAdoo