UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 06-00228 (ESH) |
| JEFFREY S. MILLS, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Based on the Pretrial Conference conducted May 16, 2007, and for the reasons stated in open court, the Court hereby issues the following orders:

1. Roderic Boling's motion to adopt Anna Boling's motion to dismiss [Dkt. 98] is **GRANTED**, but the motion to dismiss [Dkt. 97] is **DENIED**.

2. Anna Boling's motion for a bill of particulars [Dkt. 108] is **DENIED**.

3. The government's motion in limine to introduce evidence of the Bolings' financial status [Dkt. 102] is **GRANTED IN PART** and **DENIED IN PART**. The government will be permitted to present evidence to show that, shortly before the charged conspiracy (alleged to have taken place in July and August 2004), the Bolings experienced a marked decrease in their level of income and/or a marked increase in their level of debt. The government will also be permitted to present evidence regarding defendants' relationship with Michael O'Grady and Telephone Broadcast Company ("TBC") and the fact that the Bolings or their companies owed money to TBC. The government will *not* be permitted to present evidence to demonstrate that the Bolings lived above their means or enjoyed a lavish lifestyle. Similarly, evidence regarding the Bolings' financial status after August 2004 is not relevant to show motive and will not be admitted for that purpose.

4. Except as stated in this Court's order of April 16, 2007, the government's motion to introduce evidence of defendants' prior conduct pursuant to Fed. R. Evid. 404(b) [Dkt. 42] is **DENIED**. The actual voicemails about satellite television deals and travel packages will be excluded based on the representation that Anna Boling will stipulate that it is her voice on the stock-promotion voicemails at issue in the charged conspiracy. Other evidence relating to the Bolings' involvement in

the satellite television and travel campaigns is not relevant to show intent, knowledge, preparation, lack of mistake, motive, or modus operandi; accordingly, the Court will not admit such evidence under Rule 404(b) or for being "inextricably intertwined" with the charged conduct. Similarly, the Court will not admit evidence of Jeffrey Mills's prior stock promotion campaigns pursuant to Rule 404(b).[1]

5. Anna Boling's oral motion for an extension of time in which to provide the disclosures required under Fed. R. Crim. P. 16(b)(1)(B) & (C) is **GRANTED**. As to the academic expert only, the required disclosures will be due on or before June 10, 2007. With respect to all other defense experts, the required disclosures will remain due on or before June 1, 2007.

6. To accommodate the travel schedules of defense counsel, the next status conference in this case is set for June 15, 2007, at 10:00 a.m. To enable the Court and the parties to prepare for a status conference on that date, any disclosures and filings originally due (under the Court's Order of April 16, 2007) on June 15, 2007, must now be submitted on or before June 14, 2007, at 9:00 a.m. Also by June 14, 2007, the government must file proposed jury instructions and a proposed verdict form for each defendant.

**SO ORDERED.**

*Ellen S Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 22, 2007

---

[1] Additionally, the evidence at issue will not be admitted under Rule 404(b) because the government is not arguing that defendants' prior conduct was wrongful or illegal, and, therefore, the proffered conduct is not similar to the conduct at issue here. However, the Court has withheld ruling on the issue of whether some of this evidence may be admitted under Rule 403, which cannot be addressed until trial.

2