UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cr. No. | 06-228-01 (ESH/JMF) |
| | ) | | 06-228-02 (ESH/JMF) |
| JEFFREY S. MILLS, | ) | | 06-228-03 (ESH/JMF) |
| RODERIC L. BOLING, and | ) | | |
| ANNA BOLING. | ) | | |
| | ) | | |

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING
U.S. SECURITIES EXCHANGE COMMISSION INVESTOR ALERTS

Defendant, Anna Boling, through counsel, moves the Court to exclude from trial all evidence – including demonstrative, documentary or testimonial evidence – about a press release issued by the U.S. Securities and Exchange Commission ("SEC") warning investors about the voice mail messages at issue in this case, and a related posting on the SEC website, the so-called "investor alerts." In support thereof, the Defendant relies on the following points and authorities.

On August 19, 2004, the SEC issue a press release announcing an "investor alert" designed to warn Americans about a new scam sweeping the country—answering machine 'wrong number' stock touts." This alert went on to say, in part, "Regulators believe these voice mails are part of a 'pump and dump' stock manipulation scheme, whereby the people behind the messages intend to profit by driving up the price of their targeted stocks, then selling, and leaving victims with losses. The SEC has received hundreds of complaints from investors across the country about these misdirected voice mails in recent days." The press release directed the public to the "investor alert" on its website, which further describes the

voicemail campaign at issue in this case and says that the persons behind the campaign are "fraudsters," who were trying to "trick" the public.[1]

Evidence about the SEC press release, investor alerts, and indeed any evidence of the SEC's opinion that the scheme alleged here is fraudulent or unlawful is inadmissible and should be excluded for several reasons. First, the investor alerts are hearsay. *See Rambus, Inc. v. Infineon Technologies AG*, 222 F.R.D. 101, 105 (E.D. Va. 2004). Although public records and reports sometimes are admissible as an exception to the hearsay rule, this exception does not apply when they are offered by the Government in a criminal case. Fed.R.Evid. 803(8). Furthermore, the investor alerts were not final investigative reports by the agency resulting from a full investigation of the relevant facts and circumstances. Rather, they were hastily prepared alerts that were designed to get the attention of potential investors. Thus, they would be inadmissible under Rule 803(8) even were this not a criminal case. *See New York v. Pullman, Inc.*, 662 F.2d 910, 913-15 (2d Cir. 1981) (tentative results of an incomplete staff investigation inadmissible under Rule 803(8)); *Rambus, supra,* 222 F.R.D. at 105-09. Moreover, admitting any evidence about the SEC's conclusion or views, including the press release and investor alert would violate Ms. Boling's Sixth Amendment right of Confrontation. U.S. Const. Art.VI.

Second, the investor alerts are inadmissible because they are irrelevant. Fed.R.Evid. 402. The SEC's views about the voicemails are immaterial and have no legitimate probative value in this criminal case. The Government has suggested

---
[1] A Copy of the press release is attached as Exhibit 1, and of the investor alert as Exhibit 2.

that the investor alert is relevant to show the defendants' motive and intent, but the release was issued by the SEC <u>after</u> the alleged fraud took place and provides no reliable insight into the state of mind of Ms. Boling at the time she recorded the voicemails, or the other defendants at the time they decided to transmit the voice mail messages.  The Government also alleges that, as part of the alleged conspiracy, Mr. Boling took certain steps to make it more difficult for law enforcement authorities and regulators to investigate the campaign.  But there is no allegation in the indictment that Mr. Boling or anyone else took these steps in response to the SEC investor alerts themselves.

   Third, even if the investors alerts have some relevance, evidence about them should be excluded under Fed.R.Evid. § 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See Stump v. Gates*, 211 F.3d 527, 536-37 (10th Cir. 2000) (in § 1983 action, district court erred in admitting grand jury's report accusing police chief of improper conduct).  "[A]s a so-called government report which in fact was incomplete and based largely on hearsay, the report would [be] presented to the jury in 'an aura of special reliability and trustworthiness' which would not [be] commensurate with its actual reliability." *New York v. Pullman, Inc.*, 662 F.2d at 915.  The jury likely would give undue weight to the "findings" of the SEC. *See Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1357-58 (4th Cir. 1995) (upholding trial court's decision to exclude report of state agency because of the prejudicial effect such an official report might have on the jury).  As a result, the exclusive

province of the jury to decide the facts at issue would be undermined by the admission of the SEC investor alerts. *See Rambus*, 222 F.R.D. at 110 (jurors' ability to reach their own factual determinations would be undermined by admission of FTC initial decision).

WHEREFORE, it is respectfully requested that this motion be granted and all evidence regarding the SEC investor alerts be excluded from trial.

Respectfully submitted,

/s/ Leslie McAdoo
Leslie McAdoo
Bar # 456781
1140 19th St. NW, Suite 602
Washington, DC 20036
(202) 293-0534 telephone
(202) 318-3005 facsimile
Counsel for Anna Boling

CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of June 2007, a copy of the foregoing Motion *In Limine* to Exclude Evidence Regarding SEC Investor Alerts was served electronically to:

Jonathan Barr
Tejpal Chawla
Assistant United States Attorneys
555 4th St., NW
Washington, DC 20530

Robert O. Switzer
111 Soledad Street
Suite 1200
San Antonio, TX 78205

Thomas Abbenante
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006

                                                 /s/ Leslie McAdoo
                                                 Leslie McAdoo